DUBACH *et al.* v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY *et al., Appellants.*

1. **Legislature** : RAILROAD : LAYING TRACK IN STREET. The legislature may authorize the laying of a railroad track in the street of a city, but the track must be laid in the manner authorized.

2. ———: ———: ———. Where the legislature has authorized a railroad to lay its track on the streets of a city, with the requirement, however, for it "to be so constructed as not to hinder or prevent the public from using the street." *Held,* that if the character of the street should be such that the track could not be laid on the street without hindering the public from using it, then it could not be laid thereon, no matter how important it should be to the company to use the street.

3. **City** : USE OF STREETS. A city cannot authorize such a use of a street dedicated for that purpose as will destroy its use as a public thoroughfare.

4. **Injunction** : ABUTTING OWNER. An abutting owner, sustaining special damages from the improper appropriation by a railroad of a street in a city for track purposes, can maintain injunction to restrain such use.

*Appeal from Hannibal Court of Common Pleas.*—HON. THEODORE BRACE, Judge.

AFFIRMED.

| 89 | 483 |
| 36a | 372 |
| 89 | 483 |
| 41a | 72 |
| 89 | 483 |
| 122 | 98 |
| 89 | 483 |
| 126 | 36 |
| 89 | 483 |
| 134 | 562 |
| 89 | 483 |
| 137 | 536 |
| 69a | 552 |
| 89 | 483 |
| 150 | 465 |
| 89 | 483 |
| 179 | 2708 |

*G. W. Easley* for appellants.

The bill does not seek to restrain an improper use of the side track after the same shall be moved northward, but its theory is, that because an improper use of the side track has heretofore been made, that, therefore, the removal of the side track northward would constitute a nuisance. If the side track is authorized by law, it is a legal structure and not a nuisance. If it is used improperly, the structure does not thereby become unlawful; its improper use is the only thing illegal and all that could be abated or restrained. All structures placed in streets or over navigable waters are only illegal or unlawful in so far as they depart from the requirements of the act under which they were erected, and are a nuisance subject to abatement or restraint only so far as they depart from, or exceed, the requirements of the authority under which erected. Wood on Nuisances, sec. 302; *Rennick v. Morris*, 3 Hill, 623. The street is a public highway open to the lawful use of all, and the defendant has by law been authorized to place such structures in the street as will enable it to pass its cars to and fro over the same. Without "exercising a too exclusive or unreasonable use or position * * * to the injury of other persons, the law affords an adequate remedy in damages." But a court of chancery cannot undertake to regulate how a river shall be navigated, or a street traveled. *Hermann v. Beef Slaugh. Co.*, 8 Bissell, 348, 349. The plaintiff having an adequate remedy at law cannot invoke the aid of a court of equity by injunction. "Where the defendant is solvent, and the damages are susceptible of adjustment and compensation, there is no necessity for appealing to the interposition of a court of equity by injunction." The statute giving the authority to lay the road in the street, required that it should be so constructed "as

not to hinder or prevent the public from using the same." If the track was so laid as to hinder or prevent the public from using the same, any one specially damaged thereby might recover damages, or might require the railway company, by *mandamus*, to put the street in proper condition. The facts alleged and proven in this case constitute an injury that is common to the whole public, and not showing a special injury to the plaintiffs, they can neither recover in an action for damages, nor sustain an injunction.

*Thomas H. Bacon* for respondents.

(1) The process of shifting the side track was properly enjoined. Wood on Nuisances, secs. 618, 647, 670, and 830; *Brakken v. Railroad*, 7 Am. & Eng. Railroad Cases, 593. (2) When the construction of a railroad in a street of a city will work material injury to the abutting property, such construction may be enjoined at the suit of the owners, until the right to construct such road in the street shall first be acquired. *Scioto v. Lawrence*, 7 Am. & Eng. R. R. Cases, 93; *Story v. Railroad*, 7 Am. & Eng. R. R. Cases, 596; High on Injunctions [1 Ed.] 224, 228, 229, 230, 231. (3) The fact that the government has given a railway company the privilege of operating its railroad on a public street will not authorize such a use or appropriation of the street as to damage private property. "Any person injuriously affected by a nuisance, who could maintain an action at law therefor, can maintain a bill in equity for an injunction." Wood on Nuisances, p. 835, sec. 783. Injunctions are favored by the courts. *Overall v. Ruenzi*, 67 Mo. 203. (4) The appellant was properly enjoined from shifting the side track northward. The bill of rights (Const. 1875, art. 2, sec. 21), says that "private property shall not be taken or damaged for public use without just compensation," etc. The imposition of a

railway side track on a common law highway is a taking of the abutting owner's land. The law under which respondents, and not appellants, may be made solely liable for the expenses of the betterment of the street for purposes of ordinary travel (*Farrar v. St. Louis*, 80 Mo. 376), should give respondents an actionable interest in respect of the obstruction of such ordinary travel. Even under the constitution of 1821, the railroad companies obtained no right to render a street comparatively useless. *Lackland v. Railroad*, 31 Mo. 180 ; *Thurston v. St. Joseph*, 61 Mo. 517 ; *Cape Girardeau v. Renfroe*, 58 Mo. 268 ; *Tate v. Missouri*, 64 Mo. 155 ; *Swenson v. Lexington*, 69 Mo. 155 ; *Kinealy v. St. Louis*, 69 Mo. 666 ; *Hannibal Bridge v. Schaubacher*, 57 Mo. 582, 585. (5) Without respondents' consent, the city of Hannibal had no power to authorize the shifting of said side track. Municipal consent required a municipal ordinance (City Charter, art. 1, sec. 6 ; Laws 1873, 239), and a mere resolution was insufficient. *Stewart v. Clinton,* 79 Mo. 603, and 610, upper half. And this resolution is not shown to have been signed by the mayor. *Ib.; Lewis v. St. Louis*, 69 Mo. 595, 600 ; *Graham v. Carondelet*, 33 Mo. 262 ; *Carondelet v. Woolfeet*, 39 Mo. 312 ; *Saxton v. St. Joseph*, 50 Mo. 488 ; s. c., 60 Mo. 183 ; *Thompson v. Brownsville*, 61 Mo. 282 ; *Louisiana v. Miller*, 66 Mo. 467. Besides, the resolution did not grant the authority. It offered to agree with appellant, but there is no pretense that appellants agreed to the stipulations.

HENRY, C. J.—By amendment to the charter of the Hannibal & St. Joe Railroad Company, approved March 3, 1855, the company was authorized to build its road over streets, alleys, and wharves in any town or village, corporate or not ; but required the company so to construct the road, "as not to hinder or prevent the public from using the same." Collier street in the city of Hannibal was dedicated as a street and the railroad

company laid down its track on that street. Prior to the laying of the track in the street there were buildings on either side of the street, but it was graded by the defendant company nearly its width. At first, defendant laid but one track, but after the plaintiff purchased his lot fronting on the street and used by him as a lumber yard, the defendant laid a side track in the street, about the year 1866. The main track was south of the center of Collier street, and the greater part of the street was north of the north rail of the track. The switch was laid north of the center of the street. Some time in the year 1882, the defendant made a contract with the Hannibal transfer company giving to that company the use of defendant's tracks between the Mississippi river and the yards, for taking out cribs of lumber on cars and, in order to enable the transfer company to use cars with cribs of lumber upon them, it was necessary to move the side track so that cars so loaded could pass upon the main track.

The defendant obtained permission from the city by an ordinance "to change the location of its side tracks lying north of the main track on Collier street, to a distance not exceeding sixteen feet, from center to center, of said side and main tracks so as to admit the passage of cars on said main track, loaded with cribs of lumber, by cars standing on said side tracks." It was necessary to move the side track about four feet farther from the main track to accomplish the object contemplated by the ordinance, and such removal of the side track that distance north, virtually destroyed for other public uses that portion of the street north of said main track, which had been macadamized and otherwise improved by the city for general uses as a public thoroughfare. It is in evidence that by moving the side track to the south instead of north of the main track, cars with cribs of lumber upon them could have passed, and the north side of the street left open for other ve-

hicles and general travel. The plaintiff filed his petition asking that defendant might be enjoined and restrained from removing the side track north, alleging the above and other material facts. On a final hearing the injunction was made perpetual and defendant has appealed from the judgment.

It is true that it is settled law in this state that laying a railroad track in a street may be authorized by the legislature. *Porter v. Railroad*, 33 Mo. 128 ; *Tate v. Railroad*, 6 Mo. 158. But it must be done in the manner authorized. And the authority by which the defendant undertook to change the location of its side track required it " to be so constructed as not to hinder or prevent the public from using the street." If the character of a street should be such that defendant's track could not be laid upon the street without hindering the public from using it, then no matter how important to the company that its track should be laid in that street it could not be done. Nor is it competent for a city to authorize such use of a street dedicated as a street as will destroy it as a thoroughfare for the public use. *Belcher Sugar Refining Co. v. St. Louis Grain Elevator Co.*, 82 Mo. 124. If, as the testimony seems to prove, the side track of defendant could have been removed to the south side of the street without materially interfering with travel upon the street it was its duty, under the charter provision authorizing its use of the street, to place the side track there. Railroad companies in laying their tracks upon the streets of towns and cities should have some regard to the rights of the public and especially of owners of lots abutting upon the streets. No complaint it seems would have been made if the side track had been placed upon the south side of the street. The public travel over the street was on the north side, which the city had macadamized for that purpose, and we see in the record nothing to justify the defendant in removing its side track north instead of south of the

main track. There can be no doubt of plaintiffs' right to institute this suit. The track laid as proposed would, it is true, be a public nuisance, but plaintiff would sustain special damage as the owner of an abutting lot, upon which he conducted the business of a lumber. merchant. *Belcher Sugar Refining Company v. St. Louis Grain Elevator Company*, *supra*.

The judgment is affirmed. All concur.