A. D. ZIMMERMAN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 30, 1911.

1. **INJUNCTION: Street Obstruction: Ingress and Egress.** An abutting property owner has the same right the public has to the use of a street and in addition the special right of ingress and egress, which may be protected by proceeding in equity.

2. ———: ———: **Nuisance: Injunction.** If an obstruction in a street is both a public and private nuisance, a property owner who is especially and peculiarly injured, may have injunctive relief.

3. **MUNICIPAL PERMIT: Storage Tracks: Switches.** A municipality cannot legally authorize a nuisance in a street by an obstruction, such as street railway switching and storage tracks, running from the main line partly around a corner onto another street, and thence into a large car barn, which necessarily materially deprive abutting owners of access to their property.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune,* Judge.

AFFIRMED.

*John H. Lucas* and *Ben F. White* for appellant.

*James G. Smith* for respondent.

ELLISON, J.—In the month of October, 1903, defendant was operating a street car line east and west on Fifteenth street in Kansas City, at a point where that street intersects Kensington avenue. On the east side of Kensington avenue and south side of Fifteenth street was a car barn of defendant, used for the purpose of storing cars, and for such other purposes as are incident to a switch yard of a street railway company. On the west side of Kensington avenue, and immediately south of Fifteenth street, plaintiff had the ownership and possession of a tract of land abutting upon Kensington avenue, at said point 132 feet, and situate upon this abutting property are two two-story buildings, to which building ingress and egress is had by way of Kensington avenue.

The petition alleges that the defendant · had no legal right whatever to construct any street car tracks or any other obstructions in Kensington avenue along and in front of the plaintiff's property. That in the month aforesaid, the defendant began the construction of a switch track from the Fifteenth street tracks at a point slightly west of the west line of Kensington avenue, and built such track in a southeasterly direction across Kensington avenue at a point a little south of the south line of Fifteenth street, which track, as so constructed, entered into the barn of defendant.

After the switch track had been laid down, defendant began the construction of a spur track in Kensington avenue, branching off in a southernly direction from the south side of the switch track, and then plaintiff filed his petition in the circuit court asking to enjoin defendant from further constructing "car tracks in said Kensington avenue, and from the obstruction and destruction of said Kensington avenue as a public highway; that defendant be ordered to remove all tracks and other obstructions placed in said Kensington avenue, and to restore said Kensington

avenue to the condition in which it was previous to the acts herein complained of."

Plaintiff further alleged that: "Said tracks completely gridiron the entire surface of Kensington avenue in front of the plaintiff's property; that said tracks are designated for and will be used when completed for the purpose of shunting cars backward and forward and onto the premises of defendant east of Kensington avenue, and also for the purpose of standing cars or storing them . . . whereby said defendant will wholly destroy said avenue as a public thoroughfare, and will confine the same to its own exclusive use, without lawful authority or any authority whatever, and wrongfully, to the great and irreparable damage of plaintiff, which said obstruction so placed and maintained by said defendant in said avenue will constitute a public nuisance, and a private nuisance to this plaintiff. . . . Plaintiff says such injuries here complained of will be continuous, irreparable and unascertainable, and cannot be compensated in damages; that in addition to the damages and injuries sustained by the entire public by reason of the nuisance aforesaid, this plaintiff will sustain local and specific damages and injuries to his said property, and in the use thereof, which said damages and injuries are local, peculiar, and specific to him, and separate and different from that of the public generally, or other persons who may suffer injuries thereby. That plaintiff is without adequate remedy at law or any remedy whatever for the injuries and wrongs aforesaid, except in equity, for the abatement of said nuisance and the restoration of said street to the use of the public, and especially for the free and open use of this plaintiff in connection with his said lot."

After filing the petition defendant ceased to further dig in Kensington avenue or further construct tracks there until December 4, 1903, on which date

there was approved by the mayor of Kansas City an ordinance styled "An ordinance granting permit to the Metropolitan Street Railway Company to lay and maintain a spur track on Kensington avenue south of Fifteenth street," which permit recites that the company owned 190 feet fronting on the east side, and that the track is permitted to be constructed along in front of said 190 feet on Kensington avenue, with turn-outs to the car barn of said Metropolitan Street Railway Company.

Between the date of granting of said permit, and the trial of the cause, the spur tracks in Kensington avenue were actually constructed by defendant as plaintiff alleged in his petition would be done. Defendant was shown by the evidence to be using the street as a depot yard for the purpose of shunting cars, and cleaning them and storing them, as plaintiff in his petition alleged would be done. On the showing of these facts, the trial court issued an injunction in words as follows: "It is ordered, adjudged and decreed that defendant be permanently enjoined from storing or washing cars on any part of Kensington avenue, between Fifteenth and Sixteenth street, in Kansas City, Missouri, and that they be permanently enjoined from standing cars on said parts of said Kensington avenue.

"Also it is ordered, adjudged and decreed that the defendants be and they are ordered within twenty days from the date of this decree, to remove all tracks, cross ties, and other like obstructions, which it has heretofore constructed in said Kensington avenue between said Fifteenth and Sixteenth street, and to restore said street to its original state of repair; however, defendants may operate said loop track entering the northwest corner of car barn at or near intersection of Kensington avenue and Fifteenth street, as now constructed; and may also maintain the single

spur track as now constructed, running south from said intersection of said Fifteenth street and Kensington avenue, not to exceed one hundred and ninety feet; and may maintain in connection with said spur track not to exceed one switch track running from said spur track into said car barn at east side of Kensington avenue. It is further ordered, adjudged and decreed by the court that plaintiff have and recover from defendant the costs of this cause and have therefor execution.''

Plaintiff did not appeal and is not therefore permitted to inquire into the right of defendant to use of the loop track, switching off from the south side of Fifteenth and entering defendant's car barn on the east side of Kensington avenue, nor to inquire into the right of defendant to maintain the spur track, dropping off from the south side of the switch track along the center of Kensington avenue for one hundred and ninety feet south of Fifteenth street, nor to inquire into the right of defendant to construct and maintain in connection with the spur track one switch track running from the spur track into said car barn at the east side of Kensington avenue. These privileges the circuit court refused to take from the defendant, and plaintiff did not save any exceptions.

Hence, we only are to inquire whether the circuit court erred in ordering defendant to cease the storing or washing of cars on Kensington avenue in front of plaintiff's property; and did the court err in permanently enjoining defendant from standing cars on said parts of Kensington avenue; and did said court err in ordering defendant, within twenty days from date of decree to remove all tracks, cross ties, and other like obstructions in front of plaintiff's property save and except the loop track, the spur track and the switch track from spur track to barn.

The evidence does not show that plaintiff acquiesced in these acts of defendant. The evidence

showed that for all practical purposes the defendant took possession of that part of Kensington avenue whereon plaintiff's property abuts. By the construction of tracks leading from its main tracks on Fifteenth street, over Kensington avenue into its car barn, it well nigh destroyed the safe ingress and egress to plaintiff's property by himself or by those connected with him socially and in a business way. It is not meant to say that defendant so obstructed the way that plaintiff could not possibly get to and from his property, or that others could not do so. They could have gotten to the property by necessary effort, if defendant had enclosed it with a wall, or had surrounded it with a stream of water. But a property owner is entitled to a safer and more convenient use of an abutting street than that. He is entitled to have it not materially obstructed. "An abutting property owner has the same right to use of the street that the public has; in addition thereto, he has rights which are special to himself, and the right of ingress and egress, and this right is a property right, which he may protect." [Schopp v. City of St. Louis, 117 Mo. 131; Lackland v. Railway, 31 Mo. 180; Lockwood v. Wabash Ry., 122 Mo. 86; DeGeofroy v. Merchants Bridge & Ter. Ry. Co., 179 Mo. 698; Realty Co. v. Deere & Co., 208 Mo. 66.] "An obstruction in a street or highway may be both a public and a private nuisance, and, in such cases, the private citizen who is especially injured may have injunctive relief." [Schopp v. St. Louis, supra; Cummings v. St. Louis, 90 Mo. 259.]

We have considered the matter of the permit granted by the city to construct the tracks in controversy. A municipal permit to put structures in or on the streets, cannot be allowed to destroy the use of abutting property by its owner. A municipality cannot legally authorize the creation or maintenance of a nuisance. It cannot authorize the construction and op-

eration of a railway which will necessarily destroy it as a public way and deprive abutting owners of access to their property; and the use may be restrained by injunction. [Lockwood v. Railway, supra; Dubach v. Railroad, 89 Mo. 483; Belcher v. Elevator Co., 82 Mo. 121; Schopp v. St. Louis, supra; Sherlock v. K. C. Belt Ry. Co., 142 Mo. 172.]

A street railway company cannot be legally authorized to establish structures in the streets for the convenience of the road, which materially affect an abutting property owner's use of his property. If such company must have such structures, it must procure ground not owned by the public for the use of the inhabitants generally. [Lackland v. North Mo. Ry. Co., 31 Mo. 180, 186.]

We think no estoppel against plaintiff was shown.

The judgment was for the right party and is affirmed. All concur.