McPike v. West *et al., Appellants.*

| 71 | 199 |
| 36a | 372 |
| 71 | 199 |
| 48a | 557 |
| 71 | 199 |
| 92a | 513 |
| 71 | 199 |
| h169 | 552 |
| 71 | 199 |
| 95a | 719 |

**Injunction**: IRREPARABLE DAMAGE. A petition which shows that defendants are about to open a road through plaintiff's premises and for that purpose are about to cut plaintiff's timber and hedges and remove his fences, thereby exposing his crops and fruit trees, and his meadow and pasture lands to the depredations of stock, states a good cause for injunction. It is not necessary to aver and prove in addition that the defendants are insolvent. Such injuries would be irreparable in a legal sense.

*Appeal from Knox Circuit Court.*—Hon. Jno. C. Anderson, Judge.

Affirmed.

*O. D. Jones* for appellant.

Per Curiam.—This was a suit to enjoin the defendants from unlawfully opening a road over the premises of plaintiff, and from cutting his timber and hedges and removing his fences for that purpose, thereby exposing his crops and fruit trees and meadows and pasture lands to the depredations of stock of all kinds. A temporary injunction was granted by the judge of the probate court under the seventeenth section of the act of 1873, (Session Acts, 1873, p. 170), it appearing from the affidavit of the plaintiff that the circuit court of the county was not in session, and that the judge of said court was not within the county. Some informalities attended the approval of the bond by the probate judge. At the hearing in the circuit court the injunction was made perpetual. As the petition was regularly filed with the circuit clerk and the circuit court took cognizance of the cause and tried the same, and rendered a final judgment therein, the regularity of the preliminary proceedings is not material, and it will, therefore, not be necessary to notice the various objections thereto made by the defendant. The petition states a good cause of action. In addition to the injury threatened, it alleges the insolv-

ency of all the defendants save the road overseers. No allegation of insolvency was necessary, however, as the facts stated show that the injury threatened would have been irreparable, within the legal definition of that term. *McKinzie v. Mathews*, 59 Mo. 99; *Carpenter v. Grisham*, 59 Mo. 247; *State Savings Bank v. Kercheval*, 65 Mo. 682. The testimony introduced on the trial was conflicting, but after carefully reviewing it, we are not prepared to say that the conclusion reached by the circuit court was wrong. The judgment will, therefore, be affirmed. All concur.