TURNER, *Plaintiff in Error*, v. STEWART.

1. **Injunction against Trespass.** To maintain injunction against trespass upon property real or personal, it is not necessary that the defendant should be insolvent or the wrong irreparable. The statute gives the right wherever an adequate remedy cannot be afforded by an action for damages. R. S., § 2722. Thus where the owners of a steamboat were in the constant habit of discharging freight at a private wharf, without the consent and against the protest of the owner of the wharf, thereby seriously interfering with his business of sawing, receiving and delivering lumber and ties, and they threatened to continue this practice; *Held*, that the wharf owner might maintain injunction.

2. **Trespasses on Realty:** JURISDICTION: ADMIRALTY. The State courts have jurisdiction of all trespasses committed upon real estate within the limits of the State. The fact that the real estate in question is a wharf does not make it a matter of admiralty jurisdiction and so cognizable alone in the courts of the United States.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Belch & Silver* for plaintiff in error.

*Edwards & Davison* for defendants in error.

MARTIN, C.—This was a petition for an injunction, the substance of which we recite. The plaintiff states that he is the owner and in possession of a private wharf and landing on the west side of the Osage River; that he is engaged in operating a saw-mill and machine for loading and unloading cars with railroad ties, which mill and machine he has erected on said premises at great expense; that he is under contract to furnish and deliver a large amount of lumber to different parties, and that he has a large number of hands in his employment conducting his said business; that the defendants are the owners and proprietors of a steamer called the "Aggie;" that without the consent of plaintiff and against his notice forbidding it, said defendants

have at divers times since the 7th day of May, 1880, landed their said steamer at said landing and discharged freight on said premises, and that they threaten to repeat and continue said unlawful acts and trespasses; that by reason thereof the business of plaintiff in sawing, receiving and delivering lumber, and loading and unloading railroad ties is wholly suspended and stopped during the time of said acts and trespasses; that defendants are in the habit of landing and discharging freight and thereby interfering with and suspending the said business of the plaintiff as often as two or three times each week, varying from a half to a whole day; that he is damaged to such an extent that an ordinary action at law would be a wholly inadequate remedy for the injury sustained, and that a continuation of said acts would work an irreparable damage for which a court of law provides no adequate remedy; wherefore the order of the court enjoining defendants from further trespasses aforesaid is asked by plaintiff, and such other and further relief as he may be entitled to.

To this petition the defendants filed a demurrer for want of facts sufficient to constitute a cause of action. It is urged that an injunction will not be granted to restrain trespasses unless the parties are insolvent or the injury irreparable. It is also insisted that the jurisdiction of the matter complained of belongs to the courts of admiralty and not to the State courts. The court sustained the demurrer and thereupon entered final judgment dismissing the petition, from which action of the court the plaintiff presents his writ of error.

It is not necessary that the defendant should be insolvent or the wrong irreparable to sustain the right to equitable relief against trespasses. It is provided

1. INJUNCTION VS. TRESPASS. in our statute that "the remedy by writ of injunction shall exist in all cases when an injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an

action for damages." R. S. 1879, § 2722. The business of the plaintiff was constantly interrupted at the pleasure of the defendants. He was subjected to a grievance recurring at irregular intervals. His immediate damages would be difficult to estimate on account of the nature of his business. For consequential damages and loss of profits on his contracts it would be difficult if not impossible to obtain anything in an action at law. It is also clear that no single action for damages would afford him redress. He would have to sue for every time the defendants landed; and the burden of carrying on such a multiplicity of lawsuits would make his remedy about as grievous as the injury. Under this statute and the decisions construing it, I am satisfied the plaintiff was entitled to the remedy asked for, and that a suit at law would not be an adequate remedy. *State Savings Bank v. Kercheval*, 65 Mo. 682; *Damschroeder v. Thias*, 51 Mo. 100; *Echelkamp v. Schrader*, 45 Mo. 505; *Hayden v. Tucker*, 37 Mo. 214; *McPike v. West*, 71 Mo. 199; *Wright v. Moore*, 38 Ala. 593; *Watson v. Sutherland*, 5 Wall. 78.

On the second point of the demurrer there can be no doubt. The trespass was against real estate within the jurisdiction of the court. The judgment is reversed and the cause remanded. All concur.

2. TRESPASSES ON REALTY: jurisdiction: admiralty.