[S. F. No. 4976.    In Bank.—March 26, 1908.]

## CLARK P. STREATOR, Appellant, v. JAMES A. LINSCOTT et al., Respondents.

SCHOOL BONDS—INJUNCTION BY TAXPAYER—PLEADING—LEGAL CONCLUSION.—In an action by a taxpayer to enjoin the issuance of bonds of a school district, an allegation in the complaint that the plaintiff "has no speedy or adequate remedy at law" is a mere conclusion of law, and valueless in the absence of averment of facts supporting it.

ID.—BONDS INVALID ON THEIR FACE.—A taxpayer cannot maintain an action to enjoin the issuance of such bonds on the ground of their illegality, where the bonds, if issued, would show their illegality on their face. In such case, the bonds would be void even in the hands of *bona fide* holders for value, and the taxpayer would not be injured.

ID.—APPEAL—QUESTIONS OF LAW NOT INVOLVED.—The supreme court on an appeal from a judgment which was rightly made by the trial court, in an action involving an issue of municipal bonds, will not pass upon mere abstract questions of law, not involved in the determination of the appeal, at the request of a party who shows no substantial right that can be affected by a decision either way.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Hugh R. Osborn, City Attorney, for Appellant.

Benj. K. Knight, District Attorney, for Respondents.

SLOSS, J.—This is an action brought by a resident and taxpayer of the city of Santa Cruz against the chairman of the board of supervisors and other officers of the county of Santa Cruz to enjoin them from signing or issuing certain bonds authorized by a vote of the electors of a school district embracing the city of Santa Cruz and certain outlying territory. A demurrer to the complaint was sustained and the plaintiff appeals from the ensuing judgment of dismissal.

The complaint sets forth the proceedings had for the purpose of authorizing the issuance of the bonds. It is not disputed that these proceedings were in strict accordance with sections 1880 to 1886 of the Political Code. The position of the appellant is, however, that these sections have, as to school districts composed in whole or in part of municipal corporations of the fifth class (to which it is claimed the city of Santa Cruz belongs) been superseded by an act entitled: "An act to enable school districts in cities of the fifth class, and school districts which embrace territory, a portion of which is within and a portion of which is without such cities of the fifth class, to issue bonds . . ." etc., approved March 23, 1893 (Stats. 1893, p. 292), and an amendment to said act approved March 11, 1897 (Stats. 1897, p. 103). It is pointed out that the provisions of this act, as amended, are violated in various particulars by the bonds proposed to be issued and the proceedings purporting to authorize their issuance. The contention of the respondents in the lower court apparently was that the act of 1893, and its amendment, if applicable to the school district in question, are unconstitutional.

The judgment contains a statement showing that the court below declined to pass upon the constitutional question involved, and that the demurrer was sustained upon the ground that the complaint did not show that the plaintiff would suffer any injury by reason of the issuance of the bonds.

In this the court was clearly right. All that the complaint contains connecting the plaintiff with the subject-matter of the suit is to be found in the allegations that he is a resident and taxpayer of the city of Santa Cruz and that he "has no speedy or adequate remedy at law." The latter is, of course, a mere conclusion of law, valueless in the absence of averment of facts supporting it.

The complaint sets forth at length an order of the board of supervisors prescribing the form of the proposed bonds. From this it appears that the bonds themselves, if issued, will contain at least two provisions which, according to the contention of the appellant, conflict with the requirements of the act of 1893 as amended: 1. The bonds provide that interest shall be payable annually, while the only authority given by the act of 1893 is to issue bonds bearing interest "to be payable semi-annually"; 2. The bonds declare that they are issued and sold "for the purpose of raising money for purchasing school lots, for building one or more schoolhouses, or *insuring the same*, . . ." etc. The act of 1893 does not authorize the issuance of bonds for the purpose of insuring schoolhouses or other property.

The respondents suggest no doubt of the sufficiency of either of these objections to invalidate the bonds, if the act of 1893 is the only law authorizing the issuance of such bonds. If the appellant is right in his contention that this act is the one that governs, the alleged invalidity of the issue will appear on the face of the bonds, and they will be void even in the hands of *bona fide* holders for value. "It results that the plaintiff as a taxpayer can suffer no damage if the bonds are put in circulation, and has no cause of action." (*McCoy* v. *Bryant,* 53 Cal. 247; *Hopkins* v. *Lovell,* 47 Mo. 102; *Polly* v. *Hopkins,* 74 Tex. 145, [11 S. W. 1084].)

We are informed by the appellant's brief that this is "a friendly proceeding to determine the validity of the legal method adopted," and are asked to decide the question of such validity "independent of the ground upon which the superior court based its decision." This we cannot do. If we should, upon examination, agree with the contention that this district, in issuing bonds, must proceed under the act of 1893, we could not afford the appellant any relief without reversing a judgment which was rightly made upon a ground

fairly presented by the record. Furthermore, regardless of the fact that the trial court based its decision upon this particular ground, this court will not undertake to decide abstract questions of law at the request of a party who shows no substantial right that can be affected by a decision either way. It may be advantageous for municipalities, desiring to issue bonds, to obtain from this court, in advance, a "certificate of title" attesting the validity of the proposed issue, but such relief can be obtained only in a proper proceeding, that is, one in which the decision of the question sought to be presented will be necessary to the disposition of a real controversy between parties having an actual interest in the matter in litigation.

The judgment is affirmed.

Shaw, J., Angellotti, J., Henshaw, J., and Lorigan, J., concurred.