ELIZABETH CARPENTER et al., v. CITY OF ST. JOSEPH et al., Appellants.

Division Two, February 23, 1915.

1. INJUNCTION: Unnecessary Defendants: Corrected on Appeal. In an injunction to enjoin the city and the members of the board of public works, the judgment, shown to be illegal as to the city and valid as to the other defendants, can be corrected on appeal by striking out the name of the city without necessitating a reversal.

2. ————: Pleading: Cause of Action: Trespass: Insolvency. A petition for injunction charging that plaintiffs are the owners of a certain lot, that the city had torn down the fences inclosing the same and had commenced to grade a strip sixty feet wide along the side of the lot, and that if permitted to proceed, without condemnation proceedings or the payment of damages, the injury to the inheritance would be irreparable, is sufficient, although it contains no allegation of defendant's insolvency.

3. ————: ————: ————: ————: Irreparable Injury: Damages. It is not material to the sufficiency of the petition for injunction to restrain defendant from further trespassing upon plaintiff's land whether the averments of irreparable injury are generally or specifically pleaded. The determinative question is, will an action for damages afford an adequate remedy? If the injury is irreparable, injunction will lie regardless of whether an action for damages will afford an adequate remedy; while in other cases it will lie only where an action for damages will not afford an adequate remedy, and where that is true the facts of irreparable injury need not be particularly specified.

4. ————: ————: ————: ————: Inadequacy of Legal Remedy. A statement of the facts constituting the trespass upon plaintiff's land and the irreparable injury resulting therefrom sufficiently enumerates the facts necessary to support the general allegation that plaintiff has no adequate remedy at law.

263Mo45

5. **STREET: Dedication by User.** To constitute a dedication of land by user there must be adverse and exclusive possession under a claim of right, with knowledge and acquiescence of the owner, or such open and notorious possession that he may be charged with notice; and the use must be continuous and uninterrupted for a period equal to that required by the statute barring a recovery of real estate; and, in addition, there must be an acceptance by the public manifested by the use of the property as a public highway. The removal of fences by vandals or pedestrians who wish to cross over the lots, and the use of the lots in this way for a year or two at a time, until the fences were again reconstructed, did not constitute a dedication by public user.

6. ————: **Condemnation: No Payment.** Until the money awarded to the owner of land taken by a condemnation proceeding for a public street, is paid to the owner, or into court for his use, the city has no right to disturb him in the full enjoyment of the same. Enacting an ordinance authorizing the register to draw a warrant on the treasurer "in favor of the party or parties interested in said property for the amount in this ordinance specified, when so ordered by the mayor," does not constitute payment, or preclude an injunction by the owner restraining the city from taking possession.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick*, Judge.

AFFIRMED.

*Frank B. Fulkerson, W. B. Norris, O. E. Shoultz* and *Phil. A. Slattery* for appellants.

(1) Plaintiffs' petition does not state a cause of action for the following reasons: (a) It does not state that the defendants are insolvent and not able to respond in damages. (b) It does not state facts sufficient to show that plaintiffs will suffer an irreparable damage, by reason of defendants' acts. (c) While the petition states the conclusion that plaintiffs have no adequate remedy at law, it states no facts that can support such an allegation. (d) The petition shows on its face that plaintiffs have an adequate remedy at law, and are not entitled to injunction relief. Cren-

shaw v. Cook, 65 Mo. App. 264; Quinn v. Schneider, 118 Mo. App. 39; Carlin v. Wolff, 154 Mo. 543; Davis v. Hartwig, 195 Mo. 380; Schuster v. Myers, 148 Mo. 422; Owen v. Ford, 49 Mo. 437; Humphreys v. Milling Company, 98 Mo. 551; Van Frank v. Brooks, 93 Mo. App. 426; Anderson v. St. Louis, 47 Mo. 479. (e) The petition states no cause of action against the city because it states that the city was acting without authority and contrary to its charter provisions. The city is not liable for an unauthorized trespass. Quinn v. Schneider, 118 Mo. App. 39; Worley v. Columbia, 88 Mo. 106; McQuarter v. St. Joseph, 134 Mo. App. 640; Investment Co. v. Brick Co., 134 Mo. App. 357; Unionville v. Martin, 95 Mo. App. 28; Stuebner v. St. Joseph, 81 Mo. App. 273. The verdict should have been for defendants for the reasons: (a) That the evidence did not disclose an irreparable injury or destruction of the inheritance attempted or threatened by defendants. (b) Because the evidence shows that the land in controversy had been condemned by defendants for the purpose of a street. (c) Because it had become a highway from long use by the public. (3) The judgment of the trial court should be set aside for the reason that a permanent injunction cannot be issued when the title is in dispute. In such cases, the question of title must first be settled in an action at law. Smith v. Jameson, 91 Mo. 13; Lytle v. James, 98 Mo. App. 341; Mining Co. v. Moore, 130 Mo. App. 632; Parker v. Winnipiseogee C. & W. Co., 67 U. S. 545; Irwin v. Dixon, 50 U. S. 10.

*Kendall B. Randolph* for respondents.

(1) Plaintiffs' petition states a good cause of action. The defendants proceed upon an erroneous theory of law as to the sufficiency of the petition. The defendants in this case were proceeding in violation of the Constitution of the State to take private property for

public use without just compensation and without damages being first ascertained and paid. Sec. 21, art. 2, Constitution. And in such a case it is wholly immaterial whether the defendants are insolvent or possessed of great wealth and whether or not any allegation of irreparable injury is made, and it also makes no difference whether or not it is alleged that there is no adequate remedy at law. McPike v. West, 71 Mo. 199; Rosenberger v. Miller, 61 Mo. App. 422; Carpenter v. Grisham, 59 Mo. 251; Graden v. Parkville, 114 Mo. App. 527; Holmes v. Kansas City, 209 Mo. 513; Spurlock v. Dorman, 182 Mo. 242. (2) The appellant makes the further point that the petition states no cause of action against the city. That question is really unimportant to the decision of this case although the defendants seek to keep in the background the fact that the members of the Board of Public Works are made defendants. The city, however, answered and claimed ownership in the city and admitted on the trial that the city did the grading and having assumed the position that it had a right to take the ground for a street, not having denied by its answer that it was attempting to take it and having claimed a right to take it, cannot be heard now to say that it is not a proper defendant in this case; none of the authorities, cited by appellant under that head, sustain the position taken by the city. The Board of Public Works under the charter of cities of the second class had charge of the streets and alleys and charge of the men who do the city street work. Laws 1903, p. 61. Also under the charter for cities of the first class adopted by St. Joseph in 1909 the Board of Public Works have control of what is commonly known as the street gang or of the city men who work on the streets, and had charge of the gang of men who went down to forcibly rob these women of their land. R. S. 1909, sec. 8831 and following. R. S. 1909, sec. 8681 and the sections following provide the method for taking private property

for public use by the city of St. Joseph. (3) It is further contended by appellants that an injunction could not be granted on the ground that the title was in dispute. As a matter of fact, there is no dispute as to title and never has been. The city makes no pretense at having acquired the title and while it is true it claims it in its answer, it is merely a fictitious issue.

WALKER, J.—This is a suit in equity brought by the respondents in the circuit court of Buchanan county to enjoin the city of St. Joseph and the members of the Board of Public Works, naming them, from attempting to convert a certain lot or parcel of ground in said city belonging to respondents into a public highway without condemning the property or ascertaining or paying any damages therefor or instituting any proceedings to effect that end. There was no application for a temporary injunction.

Upon a trial before the circuit court of Buchanan county a decree was rendered in favor of respondents, the court finding that the lot or parcel of ground described in the petition was the property of respondents, that it was not a public street and that appellants had no right, title or interest therein and were without authority in attempting to appropriate same to the use of said city without a proceeding and the payment of such compensation therefor as might be ascertained and determined by law, and that no such proceeding had been instituted; wherefore the court adjudged and decreed that the appellants, and each of them, be enjoined and perpetually restrained from interfering with the possession of respondents in the said lot or parcel of land and from attempting to exercise any ownership over same or to grade same or use it as a public highway until such time as the said city of St. Joseph, by purchase or the payment of compensation therefor, should acquire title thereto.

From this decree appellants have prosecuted an appeal to this court.

*Pleadings.* The petition alleges the municipal organization and existence of the city of St. Joseph, and that the other defendants, naming them, are the members of the Board of Public Works of said city; that plaintiffs are the owners of the south forty feet of lot 3 in block 24, Pattee's Addition to said city of St. Joseph, and have for a great number of years been in the absolute, open, notorious and exclusive possession thereof; that upon the —— day of April, 1910, the said lot or parcel of ground was enclosed with a fence and in the possession of plaintiffs as aforesaid;. that the defendant, the city of St. Joseph, and the other defendants, as the Board of Public Works of said city, entered upon said premises, removed the fence surrounding the same and are endeavoring to convert said real estate into a public highway. That defendants wrongfully, without authority of law or without having any damages ascertained or paying same to plaintiffs, are converting said real estate into a public highway, and that no proceeding, as required by the Constitution and laws of this State, has been brought and prosecuted for the purpose of condemning said property. Plaintiffs state that they have no adequate remedy at law to prevent the threatened wrong and injury as aforesaid; that the said city of St. Joseph, and the other defendants, as the Board of Public Works of said city, are proceeding in violation of section 21 of article 2 of the Constitution of the State of Missouri, in that they are attempting to take said real estate for public use without just compensation; that they have not nor have they attempted to have such compensation assessed or ascertained by a jury or a board of commissioners, and have not paid or offered to pay any sum of money for said property to said plaintiffs.

Wherefore, plaintiffs pray that defendants may be enjoined and perpetually restrained from taking said property for a public highway, etc.

The answer is, first, a general denial; and, second, that the property claimed by plaintiffs is a public highway, and that the public is entitled to said property for such use, and that defendants have the right to use and improve such property as a public highway as they may in their judgment and discretion desire to do.

Appellants assign as error (1) that the petition does not state a cause of action; and (2) that the verdict should have been for the defendants.

I. *Sufficiency of Petition.* The first of appellants' assignments of error is made with sufficient definiteness to demand our attention. If a petition does not state facts sufficient to constitute a cause of action, its failure so to do is never waived. [Sec. 1804, R. S. 1909.] In construing this statute we have held in a long line of cases that this error is incurable and may be raised at any stage of the proceeding. [Smith v. Burrus, 106 Mo. l. c. 97; Clothing Co. v. Watson, 168 Mo. l. c. 143; Hudson v. Cahoon, 193 Mo. l. c. 557; Stonemets v. Head, 248 Mo. l. c. 254.]

It is contended that the petition does not state a cause of action (1) in not stating that defendants are insolvent and unable to respond in damages; (2) in not alleging in what manner plaintiffs will suffer irreparable damages; (3) in averring as a mere conclusion and not with particularity that plaintiffs have no adequate remedy at law; (4) and because plaintiffs have an adequate remedy at law and are not entitled to injunctive relief.

While it is true, as a general proposition, that a city is not liable for an unauthorized trespass committed by its representatives, the facts show that the attempt to extend Lafayette street, and as a consequence to appropriate plaintiffs' property therefor, was

sought to be consummated under the authority of an ordinance and orders made in relation thereto; these, while abortive, had the sanction of pretended municipal authority in that they were enacted by and issued from the city council in the exercise of its legislative functions. If, as the facts show, the attempt to conform to the ordinances and to execute the orders made thereunder were unwarranted and unlawful, then both the city and the members of its Board of Public Works were liable, and their joinder as defendants was authorized. [Ely v. St. Louis, 181 Mo. l. c. 730; Quinn v. Schneider, 118 Mo. App. l. c. 44.]

However, except to review the contention of appellants, the question as to the propriety of the joinder of the city and the members of its Board of Public Works as defendants is not vital, because, if the fact had been shown that the judgment was illegal as to the city and valid as to the other defendants, we are authorized to correct the judgment here in this regard by striking out the name of the city without necessitating a reversal. [State ex rel. v. Tate, 109 Mo. l. c. 269; Mueller v. Kaessmann, 84 Mo. l. c. 330; Snell v. Harrison, 83 Mo. l. c. 660; Weil v. Simmons, 66 Mo. l. c. 619.]

It is contended that the petition is invalid because it does not aver that defendants are insolvent. The petition avers, and the facts show, that defendants had torn down plaintiffs' fences and had commenced grading across a strip sixty feet in width along the side of plaintiffs' property. If the work had been permitted to be continued it would, as found by the trial court, have constituted an irreparable injury to the property in a legal sense, because it would in effect have destroyed plaintiffs' inheritance by depriving them of the use of the property, and when the highway was opened and the grading completed it would have been difficult if not impossible to determine whether the value of the remainder of the lots would not have been entirely destroyed or minimized to the extent that

they would have been of no practical value to their owners. Under this state of facts it was not necessary to aver that the defendants were insolvent. [McPike v. West, 71 Mo. 199; Turner v. Stewart, 78 Mo. 480.] In further answer to appellants' contentions, under our view of this case, it is not material to the sufficiency of the petition whether the averments of irreparable injury were generally or specifically pleaded. The determination of the question being: Will an action for damages afford an adequate remedy? [State Savings Bank v. Kercheval, 65 Mo. 682.] On account of the nature of the damages to the property we are of the opinion that it would not. Further precedent to sustain this conclusion may be found in Turner v. Stewart, 78 Mo. 480, where we held that it is not necessary that the defendant should be insolvent or the wrong irreparable to sustain the right to equitable relief against a trespass of this nature.

It is true that the portion of the statute (Sec. 2722, R. S. 1879) construed in Turner v. Stewart, supra, provided that: "The remedy by writ of injunction or prohibition shall exist in all cases where an injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages." In the present statute (Sec. 2534, R. S. 1909) the word "irreparable" is inserted between the words "an" and "injury" as it appeared in the revision of 1879. Otherwise the portion of the statute quoted is identical with that now in force. This change does not lessen the force of the rule in Turner v. Stewart, supra— the distinction being that if an injury to real or personal property is irreparable, injunction will lie regardless of whether an action for damages will afford an adequate remedy, while it will only lie in other cases, not before enumerated, where an action for damages will not afford an adequate remedy. The in-

stant case clearly coming within the last classification, it is immaterial whether the petition sets forth the nature of the irreparable injury with particularity or not.

Appellants further contend that the general allegation in the petition that the plaintiffs have no adequate remedy at law is a mere conclusion and is ineffectual unless accompanied by a statement of facts supporting it. As a general proposition averments in regard to inadequacy of remedy in pleadings of this character should state the facts in support of same. [Streator v. Linscott, 153 Cal. 285; Ehrich v. Grant, 111 App. Div. (N. Y.) 196, 97 N. Y. Supp. 600.]

In the case at bar, however, the statement of facts in regard to the nature of the attempted trespass sufficiently supplements the general averment so as to constitute a compliance with the rule stated.

Plaintiffs aver that defendants had begun and were about to grade the lots, which would have necessitated a change in their surface, if, as contemplated, a portion of such lots was converted into a public street. The consummation of this work would have resulted in a destruction of the property for any other purpose than that of a public highway, except as to such portions not included in the proposed improvement. Evidence is not necessary to establish this fact. Under these conditions only the staying power of a court of equity will suffice to protect plaintiffs in the right to the use and enjoyment of this property. [Carpenter v. Grisham, 59 Mo. l. c. 251; Graden v. Parkville, 114 Mo. App. l. c. 532; Spurlock v. Dornan, 182 Mo. l. c. 249.]

II. *Dedication by User.* The contention that the property had become a highway from long use by the public is made by appellants. This having been a controverted question of fact in which the court below found against appellants, we might, under the author-

ity of Bingham v. Kollman, 256 Mo. l. c. 591, leave it without further consideration. But a proper regard for appellants' contention entitles it to a more extended review. The evidence in regard to this matter was in effect as follows:

The property was used by sufferance for intermittent public travel for several years before the institution of this suit. In 1887 or 1888 a street railway company which had acquired a fee in the property graded a pathway across it for the convenience of foot passengers. Subsequently this company, which had purchased the property for a consideration of $1800, sold and transferred it for $2000, and subsequently plaintiffs became the purchasers of same. So far as the record shows, the property was first fenced by its owners in 1888 or 1889, and remained enclosed for some time, the period not being definite, when the fences was torn down by boys. Later, witnesses do not remember the date, it was again enclosed with a fence which remained thereon for three or four months, when it was again torn down, whether by boys as an act of vandalism or by persons desiring to pass over it, is not stated. The last time the property was fenced was about a year before the plaintiffs brought this suit; thereafter it remained fenced until torn down by the city street commissioner preparatory to grading same for a public highway immediately preceding the institution of this action.

To constitute a dedication by user there must be adverse and exclusive possession under a claim of right with the knowledge and acquiescence of the owner, or such open and notorious possession that he may be charged with notice; the use must also be continuous and uninterrupted for a period equal to that of the statute barring a recovery of real estate. [Field v. Mark, 125 Mo. l. c. 516; Price v. Breckenridge, 77 Mo. l. c. 451; State v. Wells, 70 Mo. l. c. 637; State v. Walters, 69 Mo. l. c. 465; State v. Young, 27 Mo. l. c. 260.]

In addition, there must be an acceptance by the public manifested by the use of the property as a public highway. [Rosenberger v. Miller, 61 Mo. App. l. c. 426.] Under the facts above set forth, it is evident that there was no dedication by user of this property.

There are no facts in this case which will authorize a finding that there has been a common-law dedication regardless of the Statute of Limitations applicable to actions for the recovery of real estate. First, there was no act of the owners indicating an intention to dedicate, and, second, the city's action was not indicative of a purpose to accept the dedication and to improve and use the property as a street; but when it ultimately sought to establish the highway it was under the claim that the property had been properly condemned. Under this state of facts, the Statute of Limitations before referred to must prevail and the rule as to the intention of the parties as a controlling feature is inapplicable. [McGrath v. Nevada, 188 Mo. 102.]

An appropriate conclusion to this branch of the case is the admirable summary of the essentials of a dedication by user by Nixon, J., in State v. Hood, 143 Mo. App. l. c. 316, in which the court said, "To establish a dedication of this character the proof must be strict, cogent and convincing, and the acts proved must not be consistent with any construction other than that of a dedication."

III. *Condemnation.* It is claimed by appellants that the property has been condemned for a public highway and that the respondents are on this account not authorized to maintain this action. On three different occasions attempts have been made by the city to condemn this property for a public highway. The only claim the city makes is as to the first condemnation, and under this there is no pretense that any compensation for the property sought to be condemned

was ever paid to anybody. The ordinance under which the property was sought to be condemned provides:

"Section 9. As soon as the money is paid to the owner or agent or deposited with the treasury authorized by law to receive the same to be paid over to the parties entitled to damages for property condemned, the city may then and not before, enter upon, take possession of and appropriate the property condemned."

Instead of making an unconditional appropriation for the payment of the amount found to be due the owners of the property in question for its appropriation, the ordinance passed provided that "the register is hereby authorized to draw his warrant on the treasurer in favor of the party or parties interested in said property for the amount specified in section 1 of this ordinance when so ordered by the mayor."

There is no evidence that the mayor ever ordered any amount paid to the owners of the property thus sought to be condemned or that any warrant was drawn in payment of said sum so found to be due as damages to the owners. This order was entered more than thirty years ago, and since that time the property has been frequently transferred for a valuable consideration, and the present owners have paid taxes regularly thereon, and special taxes for betterments have been collected on it and it has been frequently fenced by the owners and has remained fenced except when the same has been removed by acts of vandalism or by persons trespassing thereon. The condemnation proceedings twice begun by the city within the last ten years have proceeded as far as the appointment of commissioners and the award of damages, at which juncture the city, as shown by the record, has abandoned the proceedings by a repeal of the ordinances by which the condemnation was sought to be effected.

In Holmes v. Kansas City, 209 Mo. l. c. 530, this court held, in effect, quoting earlier decisions, that:

The compensation must be paid to the owner or into court for him before the condemning party can take possession, and until the compensation shall have been paid to the owner or into court for him the property shall not be disturbed or the proprietary rights of the owner therein divested. This provision, which is constitutional, contemplates that the compensation shall be paid to the owner before the property can be disturbed and is not satisfied with a mere deposit by way of security. If the owner will not accept the money, it can be paid into court for him, not there to remain as security for the final award, but for his immediate use. This right to have the amount of the award placed at the disposal of the property owner before his property is disturbed is a right of which he cannot be deprived by the act of the Legislature.

Under this plain construction of the plaintiffs' constitutional right, we hold that there has been no such condemnation under the forms of the law as to entitle the city to enter upon and convert this property into a public highway.

Under the ruling in the Holmes case, supra, the city has no right to harm the inheritance of the owners of the property in question, and injunction is the appropriate remedy. Even if it be held under any of these condemnation proceedings that the money has been deposited in court for the owner, the order does not designate to whom it shall be paid, which negatives the idea that the payment was tendered for the benefit of plaintiffs herein. In view of the foregoing, we hold that there was no such condemnation as is contemplated by the Constitution, the statute and the ordinances in relation to this matter, and that the judgment of the trial court should be affirmed and it is so ordered. All concur.