STATE of Missouri ex rel. Apalione JANUS
and Joseph Janus, Relators,

v.

Honorable Franklin FERRISS, Judge of the
Circuit Court of St. Louis County,
Division No. 6, Respondent.

No. 30608.

St. Louis Court of Appeals.

Missouri.

March 21, 1961.

William B. Ewald, Forrest Boecker, St. Louis, for relators.

Ben F. Turner, St. Louis, for respondent.

RUDDY, Judge.

This is an original proceeding in which relators seek to prohibit respondent, a Judge of the Circuit Court of St. Louis County, from keeping in force and from further enforcing a temporary injunction, the nature and scope of which will be explained later, and further to prohibit said respondent from proceeding with the cause now pending before him on which the temporary injunction is based.

The sole issue in this appeal is whether a petition filed by plaintiffs in the trial court on which the temporary injunction is based states a cause of action for equitable relief. It is the contention of relators that the petition of plaintiffs in the trial court shows they have an adequate remedy or

remedies at law. This contention requires an examination of the petition pending before the respondent. We recite verbatim the contents of the petition, omitting the caption and stating only the substance of the prayer:

"Suit in Equity for Injunction et al.

"I.

"Plaintiffs state that they are residents of the County of St. Louis, Missouri, and that the defendants are residents of St. Louis County, Missouri.

"II.

"Plaintiffs further state that the defendants are the owners of and hold title to a certain 4 family flat known as and numbered 6601–03 Clayton Road, Clayton, Missouri, and that the plaintiffs are tenants in said flat from month to month, at a monthly rental of $150.00 per month; that plaintiffs rented said flat from the defendants on the 18th day of September, 1959.

"III.

"Plaintiffs further state that they have paid their rental of $150.00 per month on the due date during every month of said tenancy; that on March 18, 1960, plaintiffs offered to defendant their monthly rental of $150.00 and that defendants refused to accept said rental and informed plaintiffs that if they wished to remain as tenants their rental would be $195.00 per month.

"IV.

"Plaintiffs further state that defendants have wilfully, maliciously and intentionally conducted themselves toward the plaintiffs so as to make their tenancy unbearable; that defendants purposely furnished less heat to the plaintiffs than was necessary for comfort for the purpose of securing an increased rental from the plaintiffs, who are students; that they have on numerous occasions wrongfully trespassed upon the premises of plaintiffs.

"V.

"Plaintiffs further state that defendants caused a notice to be served upon the plaintiffs to vacate the said premises on March 18, 1960, which said notice was coupled with a demand for an increased rental in the alternative and which notice to vacate was illegal and void.

"VI.

"Plaintiffs further state that on the 22nd day of March, 1960, while plaintiffs occupied the above described premises of the defendants as tenants from month to month and while their clothing, furniture, furnishings and personal belongings were in said premises and while the plaintiffs were attending classes at Washington University as students, the defendants wilfully, maliciously, wrongfully, intentionally and illegally dispossessed and evicted the plaintiffs by changing the locks on the doors of their premises and later informing the plaintiffs that they could not enter their flat or take any of their personal belongings unless the higher rental which they demanded, was paid together with an additional amount for a fanciful alleged damage to some of the furniture of the defendants.

"VII.

"Plaintiffs further state that the breaking and entering into their rental premises by the defendants was without their knowledge and consent and against their wishes; that it was engineered by the defendants by trickery and subterfuge and was without warrant of law and was high handed, lawless, oppressive and in utter disregard of the legal and equitable rights of the plaintiffs.

## "VIII.

"Plaintiffs further state that their personal clothing, bedding, typewriter, radio, lamps, hi-fi, tools, toaster, dishes, silverware, light bulbs and other personal property of the value of $1,500.00 are in said premises; that they have demanded of the defendants that they be permitted to remove said property from the premises and that defendants have refused permission so to do.

## "IX.

"Plaintiffs further state that they have been deprived of the use of their personal property by the defendants; that they have been made to suffer the inconvenience and embarrassment of being locked out of their home; that they have been caused to expend time and money in seeking temporary quarters in mid-winter weather and at a substantially higher rental than the $150.00 per month they paid for the rooms they occupied.

## "X.

"Plaintiffs further state they have no complete and adequate remedy at law and that unless given equitable relief, they will suffer irreparable damage.

## "XI.

"Plaintiffs hereby tender into the registry of the Court the sum of $150.00 in rental for the premises they occupied for the period from March 18, 1960, to April 18, 1960, which said rental the defendants have hitherto refused to accept from the plaintiffs."

Plaintiffs below conclude their petition with a prayer: to restrain the defendants (relators herein) from locking plaintiffs out of their home; to further restrain defendants from going into the premises rented to the plaintiffs; for a mandatory injunction to compel the defendants to replace the former locks on the doors of the premises where plaintiffs were tenants; for an injunction restraining defendants from molesting, intimidating or seeking increased rentals and from trespassing on the premises rented by the plaintiffs. The prayer further asks the court to direct defendants to return to plaintiffs the ownership and possession of the personal property of the plaintiffs and restore plaintiffs to their home and tenancy. It is further asked in said petition that the court assess actual damages against the defendants for the trespasses and the withholding of their personal property and punitive damages.

After a hearing in the trial court a temporary injunction was granted plaintiffs "restraining defendants from locking plaintiffs out of their home at 6601–03 Clayton Road, Clayton, Missouri, and restraining defendants from going into the premises rented to plaintiffs at the above address and from molesting and intimidating plaintiffs; (a) mandatory injunction (was) granted plaintiffs to compel defendants to replace the former locks on the doors at the above premises or to compel defendants to give plaintiffs keys for the present locks on said doors." However, the issuance of the notice of the temporary injunction to the defendants as granted was ordered stayed by the trial court to permit defendants, relators here, to apply to this court for a writ of prohibition.

It will be noted that the temporary injunction order makes no mention of the personal property referred to in plaintiffs' petition. Our preliminary rule in prohibition was issued ordering respondent to take no further action in the premises until the further order of this court.

An examination of the title given to the petition by plaintiffs and the prayer of said petition shows that it was the intention of plaintiffs to invoke the equitable jurisdiction of the trial court and to seek relief from the matters complained of through the remedy of injunction. The trial court must have treated the petition as presenting

an equitable action when we consider the nature of its order.

■ Relators in this court contend that the allegations of the petition filed by plaintiffs in the trial court state, at best, merely a possessory action for personal property and for a tenancy in real estate with damages for which there is an adequate remedy at law. The mere allegation in plaintiffs' petition that they have no adequate remedy at law is a mere conclusion of law, and is not in and of itself a sufficient allegation of inadequacy of a remedy at law. Thompson v. City of Malden, Mo.App., 118 S.W. 2d 1059; Carpenter v. City of St. Joseph, 263 Mo. 705, 174 S.W. 53.

■ In Weston v. Fisher, Mo.App., 180 S.W. 1038, loc. cit. 1039, the court said: "The rule in this state has been frequently stated that, if the plaintiff's bill shows upon its face that he has an adequate remedy at law, he is not in position for equitable relief, and no cause of action is stated." In other words, the facts pleaded in the petition must show that plaintiffs do not have an adequate remedy at law. However, the remedy at law must be clear, complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. Hughes v. Neely, Mo., 332 S.W.2d 1; Hanson v. Neal, 215 Mo. 256, 114 S.W. 1073; Stevens v. Myers, Mo.App., 73 S.W.2d 334.

■ As we have pointed out, the equitable remedy sought to be invoked by plaintiffs in their petition is the injunctive process of the equity side of the court. In this connection, if there is an adequate remedy at law, injunction will not lie. Mexico Refractories v. Pignet's Estate, Mo., 161 S.W. 417; Andres v. Todd, Mo.App., 296 S.W.2d 139; Thompson v. City of Malden, supra; Real Estate Investment Co. v. Winn, 233 Mo.App. 26, 116 S.W.2d 550.

■ However, of greater importance to our consideration of the petition before us for determination is the well-settled rule that an injunction will not issue for the taking of property out of the possession of one party and placing it in the possession of another. Mexico Refractories v. Pignet's Estate, supra; Real Estate Investment Co. v. Winn, supra; Stevens v. Myers, supra. In the case of Stevens v. Myers, supra, the court said: "It is a general rule that, where plaintiff is out of possession and claims possession, the court will refuse to interfere by injunction against the defendant in possession under claim of right." 73 S.W.2d loc. cit. 336.

■ The petition of plaintiffs, under scrutiny in this proceeding, among other things, states facts that show that relators herein, defendants in the trial court, are the owners and hold title to the four-family flat in question and that plaintiffs in the trial court have been dispossessed and the premises in question are now in the possession of the relators. The petition states that plaintiffs were wrongfully locked out of the premises, rented on a month to month basis, which statement shows that plaintiffs are no longer in possession of the premises. The relief sought in connection with the alleged tenancy is recovery of the flat previously occupied by plaintiffs and now in the possession of relators. Clearly, this effort of plaintiffs to regain possession of premises they do not now possess cannot be the subject of equitable relief and this is so, because plaintiffs have an adequate remedy at law in an ejectment proceeding. Section 524.010 RSMo 1959, 35 V.A.M.S., authorizes an action for the recovery of the possession of premises in all cases where plaintiffs are entitled to the possession thereof.

In the case of Janney v. Spedden, 38 Mo. 395, loc. cit. 402, the trial court had before it a petition for equitable relief. Plaintiff sought through his equitable action to recover possession of property sold under an alleged void sale. The Supreme Court said: "In reference to the possession, it is scarcely necessary to say that a bill in equity is not the proper remedy for the recovery of

the possession of lands. The party has an adequate remedy at law by the action of ejectment or otherwise." To the same effect, see Bobb v. Woodward et al., 42 Mo. 482; Mexico Refractories Co. v. Pignet's Estate, supra, and Stevens v. Myers, supra.

In the case of Real Estate Inv. Co. v. Winn, supra, the record did not show that plaintiff at the time of the bringing of the suit was in possession of the property involved, as personal property or otherwise. The court, in holding that plaintiff was not entitled to equitable relief, said:

"The plaintiff has an adequate remedy at law for the recovery of the possession of the property involved, if personal property, by an action in replevin in which its character can be determined and in which the plaintiff's right and title thereto can be determined and has an adequate remedy at law in an action for conversion and for recovery of the damages for its property removed, destroyed, and taken by the defendants and for its property retained by the defendants, if personal property, in which its character can be determined and in which the plaintiff's right and title thereto can be determined. The petition does not allege, nor does the record show, that defendants are insolvent. It cannot therefore maintain this action in equity." 116 S.W.2d loc. cit. 556.

We said in the case of Atkinson v. Smothers, Mo.App., 291 S.W.2d 645, loc. cit. 648: "By the plain terms of our ejectment statute, Section 524.010 RSMo 1949, V.A.M.S., an action for recovery of possession of premises may be maintained in all cases where plaintiff is legally entitled to possession."

What we have said in connection with plaintiffs' allegations seeking the recovery of the premises has equal application to their allegations concerning recovery of their personal property alleged to be in the possession of relators. As said in the case of Real Estate Inv. Co. v. Winn, supra, if the personal property involved is in the possession of the defendants, an action in replevin, under the provisions of § 533.010 et seq. RSMo 1959, 36 V.A.M.S.,[1] provides an adequate remedy at law. A similar holding was made in the case of Stevens v. Myers, supra.

The allegations of plaintiffs' petition we have referred to do no more than plead that plaintiffs have been wrongfully deprived of the possession of premises and personal property in the possession of defendants at the time plaintiffs' petition was filed. We have sufficiently pointed out that adequate remedies at law exist for their recovery.

■ The remaining allegation of plaintiffs' petition, not heretofore referred to, charges that relators have on numerous occasions trespassed on the premises of plaintiffs. This allegation merely charges alleged wrongs committed in the past. The trespasses complained of have been perpetrated and there is nothing in this allegation or elsewhere in plaintiffs' petition charging that defendants indicate an intention to repeat the trespasses. Where a trespass is continuous and recurring and would involve a multiplicity of suits, an injunction will lie to restrain it. Nelson v. Kelley, 145 Mo. 110, 128 S.W. 832.

Another rule cited in the case of Nelson v. Kelley, supra, upheld by many authorities cited by the court, was that if possession of the premises was secured and retained by plaintiff, it was sufficient upon which to maintain an injunction against repeated or continuous trespasses against an intruder. Obviously, plaintiffs in the trial court cannot suffer any further trespasses, inasmuch as they no longer retain possession of the premises.

We said in the case of Eichelsbach v. Harding, Mo.App., 309 S.W.2d 681, loc. cit. 684: "Inasmuch as the purpose of an

1. Now V.A.M.R. Civil Rule 99.01 et seq.

injunction is not to provide a remedy for what is past, but to prevent future wrongdoing, and since it is not used to compel persons to do right, but to prevent them from doing wrong, rights already lost, and wrongs already perpetrated cannot be corrected by injunction. (Cases cited.)"

As stated in 43 C.J.S. Injunctions § 22c, p. 444, the party aggrieved by past trespasses must seek some remedy other than injunction for redress, which ordinarily is an action at law for damages.

■ Since there is no charge of threatened and recurring trespasses and plaintiffs are no longer in possession of the property, the injunctive process of a court of equity is not available to them. Real Estate Inv. Co. v. Winn, supra.

Plaintiffs in the prayer of their petition ask the trial court to assess damages for the alleged wrongs committed by defendants. If plaintiffs prevail in an ejectment action, they may recover damages for all waste and injury. Section 524.110 RSMo 1959, 35 V.A.M.S.[2]; Atkinson v. Smothers, supra. If plaintiffs prevail in a replevin action for the recovery of their personal property, they may have the property in possession of the defendants and damages for all injuries to the property, and for the taking and detention thereof. Section 533.140 RSMo 1959, 36 V.A.M.S.[3]; Lacquement v. Bellamy, Mo.App., 253 S.W. 1073.

We have carefully examined all of the cases relied on by respondent and find the allegations in the petitions or the facts shown by the record in the cited cases unlike the allegations contained in the petition of plaintiffs in the trial court and under review in this proceeding, with the possible exception of the case of Clinton County Sportsmen's Club v. Weakley, Mo.App., 203 S.W.2d 128. The answer to respondent's reliance on this case is that the court never had before it the question of whether the case was one for law or equity. The

issue was never raised and, therefore, not decided.

We are of the opinion that plaintiffs below have adequate remedies at law and that the potential causes of action at law may be joined in one petition. Civil Rule 55.07, V.A.M.R.

In view of what we have said relators' petition for writ of prohibition should be sustained. Our preliminary rule in prohibition heretofore issued should be made absolute. It is so ordered.

ANDERSON, P. J., and WOLFE, J., concur.

2. Now V.A.M.R. Civil Rule 89.09.

3. Now V.A.M.R. Civil Rule 99.14.