SPECIAL ROAD DISTRICT NO. 4 OF BOLINGER COUNTY, RESPONDENT, v. H. A. STEPP, APPELLANT.*

Springfield Court of Appeals. March 3, 1928.

*Corpus Juris-Cyc References: Estates, 21CJ, section 182, p. 1019, n. 65: Injunctions 32CJ, sections 37-38, p. 57, n. 34; section 171, p. 130, n. 36.

*John H. Raney* for appellant.

*Garry H. Yount* of counsel.

*Davis & Dameron* for respondent.

BRADLEY, J.—Plaintiff filed its petition in Bolinger county to enjoin defendant from interfering with plaintiff's officers and agents in their efforts to remove a bridge. Temporary injunction was issued. Thereafter the venue was changed to Wayne county where on trial the injunction was made permanent. Failing in motion for a new trial defendant appealed.

After alleging its organization, etc., plaintiff alleged that in 1921 there was a certain public road in said district, known as the Greenbrier and Zalma road; that on said road there was a certain steel bridge spanning a watercourse; that said bridge was erected in 1913 or 1914; that in 1921 said public road at the site of the bridge was taken for drainage purposes by a drainage district whereby the bridge and the road at the place were rendered useless for public travel and that a new location for the road was procured. It is further alleged that upon the relocated road it was necessary to bridge a certain watercourse and that plaintiff by its officers and agents made preparation to remove said bridge from its original location to the location desired; that thereupon defendant, and without right or authority so to do, took charge and possession of said bridge and by intimidation and threats of violence prevented plaintiff's officers and agents from removing said bridge. The answer is a general denial.

The defendant sought to justify his conduct respecting the bridge on two theories, viz.: (1) That when the bridge was erected he released to plaintiff district the right of way at and approaching the bridge for the consideration that plaintiff district would "keep this slough bridged for that road and at any time that road was discontinued the land was to fall back to me;" and (2) that the proceedings in the county court to change the location of the road were void and that he, defendant, as a resident and taxpayer in plaintiff district had the right, independent of his personal interests, to protect and preserve the public road. Also it is contended that plaintiff had an adequate remedy at law and that, therefore, injunction would not lie.

We shall first consider the contention that injunction will not lie. For the purposes of this contention it will be conceded that defendant is solvent and able to respond in damages. That injunction in a proper case will lie to restrain a trespass is now well settled. [Nelson v. Kelly, 145 Mo. App. 110, 128 S. W. 832.] But such remedy may not be invoked as a matter of course, and will be exercised sparingly and confined ordinarily to cases where from the very nature of the property or the frequent repetition of the trespass the injury sustained is not susceptible of remediable damages. [32 C. J. 129, 130.] The general rule is that if there is an adequate remedy at law injunction will not lie. [Hill v. Brothers, 217 S. W. (Mo. App.) 581.] The question presented, therefore, is: Has plaintiff an adequate remedy at law? The statute, section 1969, Revised Statutes 1919, provides that remedy by injunction shall exist where an irreparable injury to real or personal property is threatened and to prevent the doing of any legal wrong whatever, when in the opinion of the court an adequate remedy cannot be afforded by an action for damages. The language, "and to prevent the doing of any legal wrong whatever," appearing in our statute has given rise to what the text writers have called the Missouri rule. [2 Joyce on Injunctions, section 1137.] But notwithstanding the statute, remedy by injunction in this State has been generally confined to cases where no adequate remedy at law existed.

It is argued that plaintiff in the cause at bar had an adequate remedy in an action for damages and that injunction will not lie. It is true that plaintiff could have proceeded in an action for damages, and, if the issues were found in its favor, could have recovered for the value of the bridge appropriated in effect by defendant to his own use and for such consequential damages as plaintiff could have established. But the very nature of the consequential damages would have made proof difficult. The road where the bridge was located had been destroyed by the drainage project and in order to accommodate the public the road had been abandoned and a new location selected. At least the selection of a new location had been at-

tempted. Plaintiff district needed this bridge in order to accommodate the public on the new location. This bridge could have been dismanteled and installed on the new road without much delay, but if a bridge on the new road must await the end of a damage suit against defendant, the public would have been delayed in the use of the road pending the final result of the damage suit. And the injury and damage to the general public through such period would be impossible to determine with any degree of certainty. It might be urged that the district could have constructed a new bridge, but it must be remembered that plaintiff district operates on public funds and there is no showing that plaintiff had funds sufficient to construct a new bridge or that such funds could be secured. On account of the nature of plaintiff's damages we are of the opinion that injunction will lie. [Carpenter v. City of St. Joe, 263 Mo. 705, 174 S. W. 53.]

Defendant at the trial contended that he had relinquished the right of way at and approaching the bridge with a reservation that when the right of way was no longer used for a road it would revert to him. He claims to have executed and delivered to the county court a right of way deed containing such reservation, but no such deed was produced and a diligent search failed to find such deed. Defendant, however, introduced evidence tending to show that he did execute and deliver such deed, but he says himself that there was no provision in the deed whereby the bridge should be his property if the road on which it was installed was abandoned as a public road. Clearly defendant cannot justify his taking charge of the bridge on the theory that his right of way deed so provided.

It is next contended that plaintiff had no right to remove the bridge from a legally established road and install it on a road that had not been legally established and that as a resident taxpayer of plaintiff district he, defendant, had the right to protect the bridge from such diversion in the interest of himself and of the public. It is contended that the proceedings in the county court to abandon the old road and establish the new one were void for failure to comply with the statute regulating such matters. [Secs. 10625, et seq., R. S. 1919.] The record shows that the old road at and approaching the bridge was destroyed by the drainage district. If it was destroyed it was of course no road at all and even though the proceedings in the county court were void, which we do not determine, such could not leave the old road in existence and therefore defendant had nothing to protect and preserve.

We do not think it is necessary to pursue the question further. Defendant was clearly in the wrong, and plaintiff under the law was clearly entitled to the remedy it sought. The judgment should be affirmed and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.