VOGT et al. v. WOODY et al.

No. 28692.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1953.

Albert L. Hencke, Union, for appellants.

Frank W. Jenny, and James A. Cole, Union, for respondents.

ADAMS, Special Judge.

Plaintiffs-appellants, servient tract owners, seek to enjoin defendants-respondents, dominant tract owners, from obstructing or interfering with the use, or increasing the servitude, of the easement hereinafter mentioned.

The parties are owners of adjoining tracts of land along the Meramec River in Franklin County, Missouri, near its intersection with Missouri State Highway No. 30. They are competitors in the business of renting cottages and selling fishing privileges.

When defendants purchased their tract in 1927 from the common owner of both tracts a 30-foot private roadway easement across the land now owned by plaintiffs was also conveyed to them. This easement ran from defendants' tract in a straight course to the Pond Ford Road, now said Highway 30. When the highway was constructed in 1930, the highway end of the original easement was abandoned and a new road was built from the highway on a different course, but still on plaintiffs' land, to connect with the old road. Since 1930 this new private roadway has been used for ingress and egress to and from defendants' land and Highway 30.

In 1949 plaintiffs purchased their tract with the original easement excepted and with knowledge of the existence and use of the new part.

Between August, 1951 and the date of the trial below, defendants erected two signs within the boundaries of a 30-foot width of the new road and on the east side thereof near its intersection with the highway. One sign, 3½ feet wide and 2 feet high, with the words, "Boats and Floats" was located about one foot inside of the east road line. The other, about 2 feet square, with the words, "You Don't Have To Get Permission Here to Go to Woody's" was located about 2 feet inside the east road line.

Several feet outside the west road line and in the vicinity of defendants' signs, plaintiffs erected a sign with the words, "Private Property—Get Permission at Store."

Persons desiring to rent cottages or to obtain fishing permits from plaintiffs were required to stop at a store building owned by plaintiffs, located on their land a little north of where the private roadway entered Highway 30.

While plaintiffs' petition described the original easement and complained of the signs on "said private road," the evidence showed, as hereinabove stated, that the signs were on the new part and not the old.

After alleging the erection of a sign by defendants in August of 1951, plaintiffs' petition alleges that "said sign and signpost interferes with and obstructs the proper use of said private road by the plaintiffs, and is an increase of the servitude imposed on the plaintiffs without their consent"; that plain-

tiffs' property "is particularly valuable for recreational purposes"; and that the erection and maintenance of said sign "has caused and will cause in the future irreparable damages to be suffered by the plaintiffs, and that plaintiffs do not have any adequate remedy at law."

These portions of the petition constitute all of the allegations upon which plaintiffs' claim for injunctive relief could be sustained.

There was no evidence of what use plaintiffs had the right to, or in fact did make of the road. No showing was made of any interference with, or obstruction of, said "use" because of the erection of said signs. No evidence was offered relative to the value of plaintiffs' land for recreational purposes. No damages were proved.

At the close of plaintiffs' evidence, defendants' motion to dismiss the petition was sustained and judgment entered in favor of defendants.

■ A court of equity is not authorized to exercise the power of injunction in every case. Its jurisdiction hinges upon whether plaintiff affirmatively shows "by the statement of *facts*" that his remedy at law is inadequate. Pleading bare legal conclusions is insufficient. Collins v. Shive, Mo. Sup., 261 S.W.2d 58, 60 (1, 2). Special circumstances bringing the case under some recognized heading of equity must be shown. State ex rel. Office of Civilian Defense Salvage Committee, City of Carthage, Jasper County v. Horner, 238 Mo.App. 787, 187 S.W.2d 976, 978 (1).

The petition must allege, and the evidence disclose, how, and in what way, and for what reason plaintiffs' claimed injuries entitle them to injunctive relief. Schuster v. Myers, 148 Mo. 422, 430, 50 S.W. 103.

Plaintiffs' petition does not allege any *facts* upon which to base equitable relief. They do say that the signs interfere with and obstruct the use of the road by plaintiffs and is an increase of the servitude of the easement; that plaintiffs have and will

suffer irreparable damages; and that they have no adequate remedy at law. These, however, are mere conclusions and are not statements of fact.

The evidence does not supply these deficiencies. Nowhere does it appear how, in what way, or for what reason plaintiffs claim their "use" of the road is interfered with or obstructed or the servitude increased. Nor how, in what way or for what reason the value of their property for recreational or any other purposes, has been or will be affected. Nor how, in what way or for what reason they have and will suffer irreparable damages.

■ There is a complete absence of any showing that their legal remedies are inadequate.

In support of their position that they are entitled to the relief sought, plaintiffs rely on Special Road Dist. No. 4 of Bolinger County v. Stepp, 222 Mo.App. 1216, 4 S.W. 2d 480, and Carpenter v. City of St. Joseph, 263 Mo. 705, 174 S.W. 53.

In the former case an injunction was sought to restrain defendant landowner from interfering with a Road District's officers in removing a bridge. In the latter, landowners sought to enjoin the city from grading for a street across their land and the *facts* plead and proved justified injunctive relief.

In neither of these cases were the facts or the legal principles involved similar to the one here.

■ In their motion for a new trial, and in their brief, plaintiffs suggest that any rights acquired by defendants over the new part of the road would be by user. That user depends on actual use and that part of the road where the signs were could not be "used." That "therefore the signboard complained of is on their land."

If that is their position then clearly they have an adequate remedy at law. The signs are on private property and ejectment would lie. Schuster v. Myers, 148 Mo. 422, 430, 50 S.W. 103.

Because plaintiffs neither plead nor proved facts entitling them to the relief sought, it is not necessary to pass on other points raised by them. Defendants' motion to dismiss was properly sustained.

The judgment is affirmed.

BENNICK, P. J., and ANDERSON, J. concur.