Jack F. ANDRES et ux., Defendants-Appellants,

v.

Jack B. TODD et ux., Plaintiffs-Respondents.

No. 7539.

Springfield Court of Appeals. Missouri.

Nov. 21, 1956.

Ronald J. Fuller, Rolla, for appellants.

Routh & Hecke, Rolla, for respondents.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Phelps County, Missouri, permanently enjoining defendants from trespassing on a strip of land lying between the recognized boundary line between plaintiffs' and defendants' lots and the boundary line claimed by defendants.

Plaintiffs' petition alleges they are the owners of and in possession of lot 16 in Green Acres, a sub-division of the city of Rolla, Missouri, and that defendants own and occupy lot 15 in said addition; that the boundary line between lots 15 and 16 has been in existence and recognized for more than ten years past; that several surveys have been made establishing said division line and that the owners of the two lots have recognized and acknowledged the line so established as the division line between the two properties.

That defendants recently caused a survey to be made to establish the boundary line between said lots, which survey moved the boundary line from the established and recognized line, 5 to 6 feet east on plaintiffs' lot; that defendants have started to build a fence on this new line and have started to cut, dig up and destroy shrub-

bery and trees belonging to these plaintiffs on plaintiffs' lot.

That in the construction of this fence and in the cutting, digging up and destroying the shrubbery and trees, the defendants have been trespassing upon plaintiffs' land and laying waste thereon.

That plaintiffs have remonstrated with defendants, pointed out the recognized division line between the properties and asked them to cease and desist from such trespassing until the boundary line between the properties can be settled by a court of law but defendants have refused to cease and desist as requested and have continued to trespass and are now trespassing and laying waste plaintiffs' property.

That plaintiffs are without an adequate remedy at law; that the damage that will accrue from such acts of trespass will not be known until after the commission of said acts and are conjectural.

The prayer is for a restraining order enjoining defendants from further trespassing on plaintiffs' land and laying waste thereto pending the court's further decree.

Upon the filing of this petition the trial court granted a temporary restraining order enjoining defendants from trespassing on lands claimed by plaintiffs, being that strip of land situate between the boundary line of said lots as claimed by plaintiffs and the line defendants now claim to be such boundary line and laying waste to the shrubbery and trees on said land; that defendants abide by the boundary lines between said properties as they have existed and have been recognized prior to the recent survey mentioned in the petition and until further order of this court.

Defendants filed answer admitting the ownership of the properties as alleged in the petition and denying all other allegations therein.

The answer admits that defendants recently caused a survey to be made as alleged in the petition and that they have started to build a fence on the line determined by said survey.

Defendants combined with this answer a motion to dissolve the injunction alleging that there is no equity as shown from the face of the petition; that the facts alleged in the petition do not state a cause of action and that plaintiffs have an adequate remedy at law and that the fence and the metal posts implanted by defendants are on defendants' lot.

By agreement the cause on the merits and the motion to dissolve were tried by the court together. Judgment was entered December 21, 1955, which, in part, is as follows:

"* * * Whereupon, it is by the Court ordered that Motion to Dissolve Temporary Injunction be and hereby is overruled, and temporary injunction made permanent.

"It is therefore considered, ordered and adjudged by the Court that Temporary Injunction be and hereby is made permanent, and defendants restrained permanently as per order set forth in said temporary restraining order herein."

Plaintiffs' evidence shows that C. R. Remington, of Rolla, Missouri, was the first owner of lot 16 in Green Acres Division, having moved on the property January 13, 1942; that he occupied said lot until 1951, when he sold it to one, Grover Acree. Remington testified that when he moved on lot 16, adjoining lot 15 was occupied and owned by one, Arthur Paul; that there was established at that time by the owners of the two properties a boundary line between said properties which was marked by the east line of a gravel driveway on lot 15, in the front of the lot; that the parties had a stake driven down and then built a water drain made of stone and cement from the driveway to the south boundary line on the south part of the lot. This drain was about 12 inches wide and the highest side on the west line of the

drain was the agreed line. He testified that the first owners of lot 16 and adjoining lot 15 recognized the division line between the two lots as extending from just west of the water meter on the north line of lot 16, to the south along the east line of the driveway of lot 15, and along the west side of the rock and concrete drain built from the rear of the house on lot 16, to the south end of said lot. He stated that this line was recognized as the division line by each subsequent owner of the two lots, and each owner exercised possession up to said line until defendants became the owners of lot 15 in April, 1955.

Acree purchased lot 16 in July, 1951, and went into possession in November. He stated he lived there until February, 1955, at which time he sold the property to plaintiffs; that while he owned lot 16, lot 15 was owned and occupied by Ray Green. He testified he and Mr. Green recognized the division line as that claimed by plaintiffs during the time he owned and occupied the lot; that there never was any dispute between he and Green as to that being the actual division line between the two properties. He testified he took care of the mowing of the grass and everything to that line. When asked who pointed out the so-called recognized line to him, he stated that Mr. Remington did; that there never was any survey made.

Jack B. Todd testified that plaintiffs purchased the lot from Mr. Acree and that at the time he moved on said property Ray Green owned lot 15. The witness stated that at the time he purchased lot 16, Mr. Acree pointed out the boundary line to him. He stated that the owner of lot 15, who lived thereon, never claimed any part of the land east of that recognized established line.

The evidence is undisputed that from 1942 until 1955 the division line between the properties, as claimed by plaintiffs, was improved and occupied and used openly by them. Plaintiffs testified they planted shrubbery, trees and grass on the lot and kept lot 16 up to this recognized division line until defendants had a survey made in 1955, which established a line some 5 or 6 feet east of the recognized division line and on plaintiffs' property. That over the objections of plaintiffs, defendants undertook to build a fence on the new surveyed line and on plaintiffs' property; that they erected two metal posts set in concrete, dug up grass, cut down some of the shrubbery and trees and are threatening to erect a fence and take charge of said property.

We think that the testimony on the part of defendants is that they did have a survey made and that the line established by such survey is east of the division line as claimed by plaintiffs; that they are erecting a fence on said new line; that they did cut down some of the shrubbery and possibly small trees; that they claim this new line to be on their own property. Defendants' evidence is that they employed the county surveyor to survey the lots to establish the true division line and that the new line is the correct line so established by the county surveyor.

■ On appeal in an equity case the court will review the record de novo and determine credibility, weight and value of testimony and evidence in the case, while at the same time giving due deference to trial court's findings. State ex rel. Taylor v. Anderson, 362 Mo. 513, 242 S.W.2d 66; Peine v. Sater, Mo.Sup., 289 S.W.2d 101; City of Spickardsville v. Terry, Mo.App., 274 S.W.2d 21.

■ Under allegation of error numbered II, appellants, defendants, state that the trial court erred in failing to dissolve the temporary injunction and overruling their motion to dissolve for the reason that there is no equity on the face of the petition and the petition does not contain facts establishing special circumstances that bring the case under some recognized heading of equity.

In 43 C.J.S., Injunctions, § 52, p. 505, this law is declared:

"Injunctions may be properly employed to protect rights of property, however great or small, complicated or simple, and no matter by whom invasion of such rights is attempted. Property rights will be protected by injunction against acts which will result in great or irreparable injury, or which are continuous or repeated, and against which relief could otherwise be had only by a multiplicity of suits. Particularly will injunction issue against lawful interference with property by acts which are intentional or tortious, and which are accompanied by malice or by coercion and intimidation. * * *

"The grant of an injunction to protect property rights rests in the sound discretion of the court, and the facts on which the court is called to act should not be of doubtful or uncertain nature, or based on conjecture. The applicant for relief must show not only the existence of his property right but also that the acts sought to be restrained will violate such right, * *".

43 C.J.S., Injunctions, § 57, p. 521, reads:

"The jurisdiction of equity, in a proper case, to restrain trespasses is now well settled, and privity of title is no longer essential to the right to an injunction. Any unauthorized entry on the lands of another may be such as to evoke the equitable jurisdiction of the courts, and injunction will lie in an otherwise proper case to prevent a threatened trespass. However, injunctions to restrain trespass do not issue as a matter of course; there may be inconsequential trespasses which a court of equity will not enjoin, and the jurisdiction is to be exercised sparingly, * * *".

In Latshaw v. Simpson, Mo.App., 162 S.W.2d 635, 636, 637, the Springfield Court of Appeals held:

"Plaintiff seeks to enjoin defendant as a trespasser. That injunction, in a proper case, will lie to restrain a trespass is now well settled and applies to either real or personal property. * * *

"The general rule, however, is that if there is an adequate remedy at law injunction will not lie. ' "Examination of the later authorities upon the subject of injunctions against trespass discloses a decided tendency to adopt the adequacy or inadequacy of the legal remedy as the sole and ultimate test as to the right to equitable relief in such cases." ' ". See authorities cited. Winslow v. Sauerwein, Mo.App., 272 S.W.2d 836; State v. Anderson, 362 Mo. 513, 242 S.W.2d 66.

Under the above authorities we find there is no merit to appellants' contention that the facts pleaded in the instant case failed to bring the case under some recognized heading of equity.

Under section (B) of this allegation appellants complain that respondents' petition fails to state a cause of action entitling them to injunctive relief, in that they failed to plead irreparable injury resulting from respondents' trespasses.

With this contention we do not agree.

In Vogt v. Woody, Mo.App., 263 S.W.2d 48, 50, this law is stated:

"A court of equity is not authorized to exercise the power of injunction in every case. Its jurisdiction hinges upon whether plaintiff affirmatively shows 'by the statement of facts' that his remedy at law is inadequate. Pleading bare legal conclusions is insufficient. Collins v. Shive, Mo.Sup., 261 S.W.2d 58, 60(1, 2). Special circumstances bringing the case under some recognized heading of equity must be shown. State ex rel. Office of Civilian Defense Salvage Committee,

City of Carthage, Jasper County v. Horner, 238 Mo.App. 787, 187 S.W.2d 976, 978(1).

"The petition must allege, and the evidence disclose, how, and in what way, and for what reason plaintiffs' claimed injuries entitle them to injunctive relief. Schuster v. Myers, 148 Mo. 422, 430, 50 S.W. 103."

An examination of respondents' petition herein shows that it alleges respondents are the owners and in possession of the land in question; that appellants are trespassing upon this land and are in the process of building a fence on the same; that they have already installed two metal posts in concrete bases and have cut and dug up shrubbery and trees planted thereon by respondents and are threatening to continue such trespasses and destruction of property. Appellants admit they have started to build this fence on the property claimed by respondents. They admit the cutting of shrubbery and trees. Therefore, the petition does allege and the evidence does disclose the reasons respondents claim to have been injured, which entitled them to injunctive relief. This evidence, undoubtedly, complies with the rule that requires facts to be pleaded which show that the pleaders do not have an adequate remedy at law.

We find that the allegations in the petition, if true, show that respondents have no adequate remedy at law and will suffer irreparable injury unless appellants are enjoined from such acts.

■ Under this allegation of error appellants say that the petition states mere conclusions that their remedy is at law inadequate. A reading of the petition refutes this contention. Pleading that defendants are building a fence, setting posts in concrete on respondents' property, cutting and destroying trees and shrubbery and will continue such acts are not pleadings of conclusions but constitute pleadings of fact.

■ And, lastly, it is contended that the facts pleaded in plaintiffs' petition admitted a dispute between plaintiffs and defendants regarding the title and right to possession of the strip of land in issue and that title is directly involved.

It will be noted from respondents' petition that the relief prayed for is not that title be adjudged by the court but that the acts of trespass be restrained until title can be determined and it will also be noted that the judgment of the trial court does not adjudicate title. If title were involved, this court would be without jurisdiction. Likewise, the trial court is without power to adjudicate title in an injunction suit. The relief sought and given was to prevent appellants from interfering with respondents' lawful use of their property and from damages thereto.

Under Judge v. Durham, Mo.Sup., 274 S.W.2d 247, and authorities cited therein, we hold that title to real estate was not directly involved in this case. Eaton v. Milbourn, Mo.App., 135 S.W.2d 387; Vogt v. Woody, supra.

Appellants' allegations of error numbered III, IV, V, VI, and VII, merely restate the same allegations of error as have been passed on herein.

Judgment of the trial court is affirmed.

STONE and RUARK, JJ., concur.